[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on February 25, 1984 in New York. By complaint dated December 4, 2000, the Husband instituted this action claiming a dissolution of marriage, sole custody of the minor children, exclusive possession of the marital home, a settlement relative to the real and personal property, and other relief as law and equity might provide. The Wife filed an Answer and Cross Complaint dated December 19, 2000, claiming a dissolution of the marriage, exclusive possession of the marital home, sole custody of the minor children, a settlement relative to the real and personal property and other relief as law and equity might provide.
Three children were born issue of this marriage: Walter Williams IV, born November 24, 1984; Jared Frasier Williams, born May 16, 1986 and Leatrice Renee Williams born October 22, 1987.
The Husband is age 45 and in good health. The Wife is age 47 and in good health.
The Husband testified that the cause of the breakdown of the marriage was the interference by the Wife's parents in the finances of the marriage. He testified that money was given to the Wife by her parents. Decisions were made without the input of the Husband, for example regarding the education of the children. The Wife had accused the Husband, both privately within their marriage and publicly within the Husband's congregation, of having affairs. The Husband denied ever having any affairs. He stated that the Wife was jealous and that her accusations were driven by her jealousy.
The Wife has testified that the cause of the breakdown of the marriage was that there never was a marriage. She testified to no further details than this statement.
The procedural history of this case has been a difficult one. The CT Page 2578-ep Defendant was represented by two successive attorneys and then proceeded pro se. The Defendant has consistently failed to produce discovery as requested by the Plaintiff and as ordered by the Court, both when represented by counsel and when representing herself. The Plaintiff has failed to take steps to discover the necessary information through methods available to him. The following is a brief outline of the case:
4/03/01 — Defendant's attorney was ordered to be in Court on 4/04/01 (Alander, J.).
4/04/01 — Defendant's attorney ordered to be in Court for all future proceeding or sanctions would result (Alander, J.).
6/21/01 — Plaintiff's Motion to Compel (#110).
7/26/01 — Matter continued for compliance with Discovery (Domnarski, J.) Plaintiff to file all requests for discovery by 8/31/01.
2/15/02 — Motion to Add Party Defendant Granted (Domnarski, J.).
3/14/02 — Defendant ordered to produce copy Probated Will (Berdon, J.).
5/15/02 — Defendant ordered to produce all discovery by end of business day on 5/15/02 thereafter Defendant's attorney's motion to Withdraw granted (Gruendel, J.).
6/05/02 — New attorney files appearance for Defendant.
11/14/02 — New attorneys' Motion to Withdraw granted.
1/28/03 — Defendant ordered to comply with discovery orders by 1/31/03. If Defendant failed to comply sanction would be ordered. Defendant informed that sanctions would be as follows: an adverse inference would be drawn, and that inference would be as follows: the Defendant is receiving $50,000.00 per year as income from her stepfather's estate and that the college education of the three minor children is and will be paid for by the Defendant through her stepfather's estate (Frankel, J.).
1/31/03 — Defendant failed to comply with the court order of 1/28/03. All adverse inferences were found as facts by the Court (Frankel, J.).
The Court finds that the Wife is totally lacking in credibility. She CT Page 2578-eq has lied on her Interrogatories, on issues such as the bank accounts and automobiles, forgetting she had a bank and forgetting that her mother loaned her a Mercedes for the past 3 years. At trial, her inability to answer a question asked of her either by opposing counsel or by the court, does not help in making her testimony credible. Her financial affidavit is also lacking in credibility. The Wife either could not remember anything when asked a question or answered the question as if another question had been asked. However, the Wife conducted a cross-examination of the Husband which was well reasoned and extremely well done.
The Court finds that both parties are equally responsible for the breakdown of the marriage.
The Court finds that the residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
 ORDERS
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on February 19, 2003.
 PARENTING PLAN
The Husband and the Wife shall have joint legal and physical custody of the two minor children. The Husband and the Wife shall consult with each other and each has an affirmative obligation to discuss all major issues affecting the child/children's health, education and welfare, with a view towards the goal of arriving at a harmonious policy which they can agree upon calculated to promote the best interest of the child/children. However, if the parents are unable to agree, the Husband shall have the final decision-making authority.
Parental time with the children shall alternate weekly, beginning and ending on Fridays as follows:
(a) Friday from the conclusion of school until the following Friday at the conclusion of school with the Husband. The children shall be picked up by the Husband at the Wife's home at the conclusion of school on Friday. The Wife shall be responsible for picking up the children from CT Page 2578-er the Husband's home at the conclusion of school on the following Friday.
(b) Friday from the conclusion of school until the conclusion of school on the following Friday with the Wife. The Wife shall be responsible for the transportation of the children from the Husband's home. The Husband shall be responsible for picking up the children at the Wife's home on the following Friday.
(c) A and b repeat.
(d) During their stay with either parent, the children shall decide which religious service or church function they wish to attend, without any undue influence by either parent. The parent who then has parenting time with the child/children shall be responsible for transporting the child/children to these services or functions.
(e) The parents shall alternate the following holidays in the following manner:
Easter: Odd years with the Husband, even years with the Wife;
Thanksgiving: Odd years with the Wife, even years with the Husband;
Christmas: Odd years with the Husband, even years with the Wife.
(f) The Husband shall celebrate his birthday and Father's Day with the children and the Wife shall celebrate her birthday and Mother's Day with the children.
(g) The children shall alternate weekly on Sundays during the summer. Both parents shall participate and support any extracurricular activities for the children and they shall equally share the costs of these activities, including but not limited to sports, arts, camps, musical instruments and training and school trips.
In the event that either parent is unable to exercise parenting time or becomes aware that the child/children are ill, the parent shall immediately notify the other parent and in case of cancelled visitation, notify the other parent at least 48 hours prior to the scheduled parenting time.
The Wife shall not schedule extracurricular activities during the Husband's parenting time with the child/children without the Husband's written consent. Consent shall not be unreasonably withheld. CT Page 2578-es
If either parent is unavailable to be with the child/children for more than 4 hours during their scheduled time with the child/children, the other parent shall have the right of first refusal to spend that time with the child/children.
 PARENT EDUCATION CLASS
Neither party has completed the parenting education class. Therefore, both parties are ordered to complete said program within 90 days of the date of the dissolution. The parties are ordered to be in court on May 21, 2003 to verify that they completed said program.
POST-SECONDARY EDUCATION OF CHILDREN (P.A. 02-128)
The Court finds that it is more likely than not, if these parties had remained an intact family that they would have provided for their children's postsecondary education, pursuant to P.A. 02-128. Based upon the evidence presented to the Court and the adverse inference which the Court has drawn due to the lack of compliance by the Wife with discovery orders, pursuant to P.A. 02-128 the Wife shall be solely responsible for the payment of all postsecondary education costs, including medical insurance costs when the child reaches the age of 18 or graduates from high school, whichever occurs later.
 ATTORNEYS FEES FOR COUNSEL FOR MINOR CHILDREN
The balance remaining on the attorney fees for the attorney for the minor children is $3,677.50. The Husband and the Wife shall each pay to said attorney $1,838.75 within 60 days of the date of this dissolution.
 CHILD SUPPORT
The parties are equally sharing all parenting time with the children. Based upon the court finding that the Wife has income of $50,000.00 per year ($961.00 gross per week and $769.00 net per week) and based upon the financial affidavit presented to the Court by the Husband ($615.00 gross per week and $523.00 net per week) the Guidelines would require the Wife to pay child support in the amount of $64.00 per week. The court will find that application of the Guidelines is inappropriate and inequitable due to (5)(A) coordination of the total family support, division of the assets and liabilities. Therefore, there shall be no order of child support to either party.
 ALIMONY CT Page 2578-et
Due to the adverse inference findings by the Court that the Wife has an income from her step-father's estate of $50,000.00 per year and after reviewing the Husband's financial affidavit and after taking into account of all the statutory criteria, there shall be no alimony payable by the Husband to the Wife. However, due to the total lack of discovery compliance by the Wife regarding her assets and due to the total lack of credibility of her testimony, the Wife shall pay to the Husband $1.00 per year alimony, for a period of 10 years, unless sooner terminated by the Husband's remarriage or the death of either party, modifiable as to the amount if the Husband is able to ascertain the true extent of the Wife's assets and if her income is more than the $50,000.00 per year found by the Court.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
Neither party presently has insurance available to them through their employment. The Husband is ordered to immediately take all necessary steps to secure medical/dental insurance for the three children pursuant to P.A. 02-128. The parties shall equally share the cost of said insurance until the child graduates from high school or attains the age of nineteen years, whichever occurs first. Thereafter, the cost of medical insurance shall be the sole responsibility of the Wife.
Pursuant to the Child Support Guidelines, the Husband shall pay 41% of the unreimbursed medical/dental expenses and the Wife shall pay 59% of same. Due to the shared custody arrangement, both parties are responsible for all costs. Neither party shall contract for any extraordinary expenses for the children without first consulting with the other except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE AND HUSBAND
The Wife and the Husband shall be responsible for their own medical insurance coverage.
 PERSONAL PROPERTY
The Wife shall retain all the personal property located in the marital residence (77 Swampscott Street, West Haven, Connecticut) with the exception of the following items: the motor boat and all the tools located in the garage. The Husband shall remove these items from the property within 30 days of the date of this decree. The Wife shall cooperate with the Husband in allowing him access to the property to CT Page 2578-eu remove said items. If she fails to cooperate, the Husband shall be entitled to hire a police officer to escort him onto the property to retrieve said items. The cost for the police officer shall be reimbursed to the Husband by the Wife within 10 days of the date of hiring said officer.
 REAL PROPERTY
The parties are owners of real property located at 77 Swampscott Street, West Haven, Connecticut. They took title to the property in three names: the Wife, the Husband and the Wife's Step-father. The mortgage is also in all three names. The Step-father died several years ago. The Wife has failed to provide to the Court the information concerning her Step-father's estate. A run down on the title to the property done by the Husband's attorney failed to produce any documents recorded on the Land Records of the Town of West Haven concerning the estate and passing of title. The Husband's attorney failed to ascertain whether or not an ancillary estate was opened in the Probate Court in the Town of West Haven to properly probate the Step-father's interest in the property.
The Husband's attorney filed a Motion to Add a Party Defendant, which was granted by the Court (2/15/02). However, the only parties added in were the Estate and the Executor. The Husband testified that the value of the property is $125,000.00. There is a mortgage on the property in the amount of $46,000.00. There are liens on the property which amount to $13,000.00. Therefore the equity in the property totals $66,000.00.
As between the Husband and the Wife there is $44,000.00 total equity.
The Wife is ordered to pay to the Husband $44,000.00 as a lump sum property settlement within 6 months from the date of the dissolution. Simultaneous with said payment, the Husband shall Quitclaim to the Wife, all of his right, title and interest in and to the property located at 77 Swampscott Street, West Haven, Connecticut. Thereafter, the Wife shall be solely responsible for all costs associated with the property, including but not limited to the mortgage, taxes, insurance, judgment liens on the property, and indemnify and hold the Husband harmless in regards to such expenses and debts.
 DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit. As noted above, the Wife shall be solely responsible for all the liens presently on the CT Page 2578-ev property located at 77 Swampscott Street, West Haven, Connecticut and she shall indemnify and hold the Husband harmless in regards to said liens and underlying debts.
 ATTORNEY FEES
Each party shall be solely responsible for their own attorneys fees.
 TAX RETURNS
The parties shall file separate income tax returns for the year 2002 and thereafter. In the past the parties filed joint tax returns. If there is any liability, cost, or penalty associated with the previous filings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and indemnify and hold the other party harmless from same.
The Husband shall take the two youngest children as dependents for income tax purposes until the children reach the age of 18 years. Thereafter, if the children are in postsecondary education courses and if legally able to do so, the Wife shall take all of the children as dependents for income tax purposes.
 MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles.
 MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Frankel, J. CT Page 2578-ew